IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY D. SCHIMMEL,
     Petitioner,

vs.                             Case No.:  3:13cv22/MCR/EMT

MICHAEL D. CREWS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1).  The filing fee has been paid.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the petition should be dismissed as an unauthorized second or successive petition.

I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Following a bench trial on March 25, 2003, in the Circuit Court in and for Escambia County, Florida, Case No. 2000-CF-002456, Petitioner was found guilty of unlawfully conducting a business enterprise, organized fraud, workers' compensation fraud, theft, and tampering with evidence (doc. 1 at 1–2, 12–14).[1]  On February 10, 2004, he was adjudicated guilty and sentenced as a habitual felony offender to twenty (20) years of imprisonment followed by ten (10) years of probation (*id.*).  As part of the judgment, the court ordered Petitioner to pay specific amounts of restitution to over thirty (30)

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

victims (*id.* at 12–14). Petitioner challenged the judgment in a § 2254 petition filed on December 2, 2009, Case No. 3:09cv534/LAC/EMT, raising claims of trial court error and ineffective assistance of counsel (*see id.* at 3). <u>Schimmel v. Tucker</u>, No. 3:09cv534/LAC/EMT, Amended Petition (N.D. Fla. Jan. 12, 2010). The district court denied his amended petition on the merits on February 28, 2012. *Id.*, Order (N.D. Fla. Feb. 28, 2012). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, Case No. 12-11611, but the appeal was dismissed on June 8, 2012, for lack of prosecution. In the instant habeas petition, filed January 8, 2013, Petitioner again challenges the judgment in Escambia County Case No. 2000-CF-002456, asserting he was denied his federal rights to equal protection and due process with respect to the restitution portion of the judgment (*id.* at 6–7).

II.     ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); <u>In re Medina</u>, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 2009. Furthermore, Petitioner's 2009 petition qualified as a first petition for the purpose of determining successor status because it was denied on the merits.[2]

In the instant case, Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition.

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* <u>McGiver v. United States</u>, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); <u>Slack v. McDaniel</u>, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's <u>Ford v. Wainwright</u> claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); <u>Reeves v. Little</u>, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); <u>Benton v. Washington</u>, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

*See* 28 U.S.C. § 2244(b)(3)(A); <u>Fugate v. Dep't of Corrections</u>, 310 F.3d 1287, 1288 (11th Cir. 2002).  Therefore, the petition should be dismissed for lack of jurisdiction.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this habeas action be **DISMISSED** for lack of jurisdiction.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>30th</u> day of January 2013.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case No.:  3:13cv22/MCR/EMT